# [1]UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | **CIVIL ACTION NO: 2:23-cv-00200-LEW** |
| **Plaintiff** | |
| vs. | **AMENDED COMPLAINT** |
| **Norman J. Estes a/k/a Norman Estes** | |
| | RE: |
| | **119 Main Street, Sabattus, ME 04280** |
| **Defendant** | |
| **Midland Funding** | Mortgage: |
| **Unifund CCR Partners** | **May 23, 2006** |
| **Dirigo Federal Credit Union F/K/A** | **Book 6774, Page 265** |
| **Rainbow Federal Credit Union** | |
| **Parties-In-Interest** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Norman J. Estes a/k/a Norman Estes, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal

---

[1] Exhibits A-J referenced herein were previously filed on May 10, 2023 at ECF No. 1.

National Mortgage Association, in which the Defendant, Norman J. Estes a/k/a Norman Estes, is the obligor and the total amount owed under the terms of the Note is One Hundred Ten Thousand Two Hundred Thirty-Four and 57/100 ($110,234.57) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a Federally-Chartered Corporation with its principal place of business located at 1100 15th Street NW, Washington, DC 20005.

5. The Defendant, Norman J. Estes a/k/a Norman Estes, is a resident of Sabattus, County of Androscoggin and State of Maine.

6. The Party-in-Interest, Midland Funding LLC, is located at c/o Corporation Service Company, 45 Memorial Circle, Augusta, ME 04330.

7. The Party-in-Interest, Unifund CCR Partners c/o Corporation Service Company, is located at 45 Memorial Circle, Augusta, ME 04330.

8. The Party-in-Interest Dirigo Federal Credit Union F/K/A Rainbow Federal Credit Union, is located at 391 Main St. Lewiston, ME. 04240.

## FACTS

9. On October 10, 2002, by virtue of a Warranty Deed from Norman J. Estes a/k/a Norman Estes, which is recorded in the Androscoggin County Registry of Deeds in **Book 5148, Page 33**, the property situated at 119 Main Street, City/Town of Sabattus, County of Androscoggin, and State of Maine, was conveyed to Norman J. Estes a/k/a Norman Estes

and Cheryl L. Estes, being more particularly described by the attached Exhibit A; (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. Pursuant to the Abstract of Divorce Decree dated September 30, 2004, and recorded in Androscoggin County Registry of Deeds in Book 6089, Page 205, Defendant, Norman J. Estes a/k/a Norman Estes, became the sole owner of the subject property.

11. On May 23, 2023, Defendant, Norman J. Estes a/k/a Norman Estes, executed and delivered to HSBC Mortgage Corporation (USA) a certain Note under seal in the amount of $91,000.00.  Defendant, Norman J. Estes a/k/a Norman Estes', personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge.  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

12. To secure said Note, on May 23, 2006, Defendant, Norman J. Estes a/k/a Norman Estes, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation (USA), securing the property located at 119 Main Street, Sabattus, ME 04280 which Mortgage Deed is recorded in the Androscoggin County Registry of Deeds in **Book 6774**, **Page 265**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to HSBC Bank USA, N.A. by virtue of an Assignment of Mortgage dated January 19, 2012 and recorded in the Androscoggin County Registry of Deeds in **Book 8324**, **Page 85**.  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated November 16, 2016 and recorded in the Androscoggin County Registry of Deeds in **Book 9509**, **Page 310**.  *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated February 9, 2017 and recorded in the Androscoggin County Registry of Deeds in **Book 9552**, **Page 318**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

16. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated May 17, 2018 and recorded in the Androscoggin County Registry of Deeds in **Book 9847**, **Page 218**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. Defendant, Norman J. Estes a/k/a Norman Estes, personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed on June 18, 2018, which resulted in a bankruptcy discharge. *See* Exhibit H (a true and correct copy of the bankruptcy Discharge is attached hereto and incorporated herein).

18. On March 13, 2014, the Defendant, Norman J. Estes a/k/a Norman Estes, executed a Loan Modification Agreement which adjusted the principal amount of the Note to $84,664.42 (herein after referred to as the "First Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains effective as of today's date (subject to the aforesaid bankruptcy discharge) by the Plaintiff and provides the Plaintiff withstanding in this foreclosure and sale action. *See* Exhibit I (a true and correct copy of the First Loan Modification is attached hereto and incorporated herein)

19. On May 13, 2017, the Defendant, Norman J. Estes, executed a Home Loan Modification Agreement which adjusted the principal amount of the Note to $93,068.83 (herein after referred to as the "Second Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains effective as of today's date (subject to the aforesaid discharge in bankruptcy) by the Plaintiff

and provides the Plaintiff with standing in this foreclosure and sale action. *See* Exhibit J (a true and correct copy of the Second Loan Modification is attached hereto and incorporated herein)

20. On August 20, 2023, the Defendant, Norman J. Estes, executed a Home Loan Modification Agreement which adjusted the principal amount of the Note to $94,937.05 (herein after referred to as the "Third Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains effective as of today's date (subject to the aforesaid discharge in bankruptcy) by the Plaintiff and provides the Plaintiff with standing in this foreclosure and sale action. *See* Exhibit K (a true and correct copy of the Third Loan Modification is attached hereto and incorporated herein)

21. On February 28, 2023, the Defendant, Norman J. Estes a/k/a Norman Estes, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit L (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

22. The Demand Letter informed the Defendant, Norman J. Estes a/k/a Norman Estes, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit L.

23. The Defendant, Norman J. Estes a/k/a Norman Estes, failed to cure the default prior to the expiration of the Demand Letter.

24. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

25. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

26. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

27. Dirigo Federal Credit Union F/K/A Rainbow Federal Credit union is a Party-in-Interest pursuant to a Mortgage dated October 3, 2008, and recorded in the Androscoggin County Registry of Deeds in **Book 7547**, **Page 218** and is in second position behind Plaintiff's Mortgage.

28. Midland Funding is a Party-in-Interest pursuant to a Writ of Execution in the amount of $3,232.99 dated October 5, 2012, and recorded in the Androscoggin County Registry of Deeds in **Book 5819**, **Page 75** and is in third position behind Plaintiff's Mortgage.

29. Unifund CCR Partners is a Party-in-Interest pursuant to a Writ of Execution in the amount of $3,142.22 dated July 15, 2013, and recorded in the Androscoggin County Registry of Deeds in **Book 8725**, **Page 305** and is in forth position behind Plaintiff's Mortgage.

30. The total debt owed under the Note and Mortgage as of April 14, 2023 is One Hundred Ten Thousand Two Hundred Thirty-Four and 57/100 ($110,234.57) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $87,246.04 |
| Interest | $4,374.08 |
| Unpaid Late Charges | $14.53 |
| Escrow Advance | $10,504.10 |
| Deferred Amounts | $29.06 |
| Non-Interest Bearing Principal Balance | $6,828.73 |
| Lender Paid Expenses | $1,238.03 |
| Grand Total | $110,234.57 |

31. Upon information and belief, the Defendant, Norman J. Estes a/k/a Norman Estes, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

32. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 31 as if fully set forth herein.

33. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 119 Main Street, Sabattus, County of Androscoggin, and State of Maine. *See* Exhibit A.

34. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 11 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure and sale upon the subject property.

35. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

36. The Defendant, Norman J. Estes a/k/a Norman Estes, is presently in default on said Mortgage and Note, having failed to make the monthly payment due May 1, 2021, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

37. The total debt owed under the Note and Mortgage as of April 14, 2023, is One Hundred Ten Thousand Two Hundred Thirty-Four and 57/100 ($110,234.57) Dollars.

38. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

39. By virtue of the Defendant, Norman J. Estes a/k/a Norman Estes', breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendant, Norman J. Estes a/k/a Norman Estes's, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Norman J. Estes a/k/a Norman Estes, but only seeks *in rem* judgment against the property.

40. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Norman J. Estes a/k/a Norman Estes, on February 28, 2023, evidenced by the Certificate of Mailing. *See* Exhibit L.

41. The Defendant, Norman J. Estes a/k/a Norman Estes, is not in the Military as evidenced by the attached Exhibit M.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, and determine any junior lien's priority, as affected by Defendant, Norman J. Estes a/k/a Norman Estes's, discharge in bankruptcy, and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendant, Norman J. Estes a/k/a Norman Estes, is in breach of the Note by failing to make payment due as of May 1, 2021, and all subsequent payments, however, as affected by Defendant, Norman J. Estes a/k/a Norman Estes' discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of the Defendant, Norman J. Estes a/k/a Norman Estes, but only seeks *in rem* judgment against the property;

d) Find that the Defendant, Norman J. Estes a/k/a Norman Estes, entered into a contract for a sum certain in exchange for a security interest in the subject property;

e) Find that it was the intent of the Defendant, Norman J. Estes a/k/a Norman Estes, and the original lender, HSBC Mortgage Corporation (USA), on May 23, 2006 to create a mortgage on the property commonly known as and numbered as 119 Main Street, Sabattus, ME 04280;

f) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

g) Find that while the Defendant, Norman J. Estes a/k/a Norman Estes, has no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 119 Main Street, Sabattus, ME 04280;

h) For such other and further relief as this Honorable Court deems just and equitable.

          Respectfully Submitted,
          Federal National Mortgage Association,
          By its attorneys,

Dated: September 11, 2023

          /s/Reneau J. Longoria, Esq.
          Reneau J. Longoria, Esq. Bar No. 005746
          Attorney for Plaintiff
          Doonan, Graves & Longoria, LLC
          100 Cummings Center, Suite 303C
          Beverly, MA 01915
          (978) 921-2670
          RJL@dgandl.com