UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MAINE

*****************************************

FEDERAL NATIONAL MORTGAGE ASSOC.,

    Plaintiff

v.

NORMAN J. ESTES, ET AL.,

    Defendant &
    Parties-In-
    Interest

Case No. 2:23-cv-00200-LEW

*****************************************

**PRETRIAL MEMORANDUM**
(Submitted by Party-In-Interest Unifund CCR Partners)

NOW COMES Unifund CCR Partners [hereinafter "Unifund"], by and through its undersigned counsel, and submits this pretrial memorandum pursuant to Local Rule 16.4(b):

1. **Brief factual statement of Unifund's Defense.**

  A. Plaintiff did not include within its Notice of Right to Cure Default all the provisions required by Section 22, Paragraph 4(b) of the Mortgage.

  B. Plaintiff did not strictly perform all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S. §6111.

    (1) For instance, Plaintiff incorrectly includes within its Notice of Right to Cure Default (Exhibit K to the Amended Complaint, filed 9/11/202, page ID# 145) an alleged "past due" amount for "Escrow: Taxes & Insurance - $9,970.80". Contrary to Section 9 of the Mortgage, Plaintiff did not

1

demand payment from the mortgagor of these alleged "past due" charges prior to Plaintiff's giving its Notice of Right to Cure Default to the mortgagor.

(2) Note: Unifund conducted discovery seeking (1) copies of the notices sent to the mortgagor by Plaintiff demanding payment for such Section 9 expenses, for the period on or after 8/20/20 and (2) the computer/log entries showing the sending of such notices. Plaintiff responded with 190 pages of "contact notes" and 213 pages of "communications". Other than a copy of the Notice of Right to Cure Default, none of the documents produced by Plaintiff are responsive to Unifund's request for production of documents. To the extent Plaintiff contends that its production of documents was responsive, and so as to avoid unnecessary proof at trial, Plaintiff should amend its discovery response to designate those documents, and only those documents, which are indeed responsive to Unifund's request for documents.

2. **Brief statement of Unifund's contentions with respect to any controverted points of law, including evidentiary questions, together with supporting authority.**

A. As a party-in-interest pursuant to 14 M.R.S. §6321, Unifund has the right to defend against Plaintiff's foreclosure action. *Casco Northern Bank, N.A. v. Estate of Grosse*, 657 A.2d 778, 781 (Me. 1995).

3. **Proposed stipulations concerning matters which are not in substantial dispute and to facts and documents which will avoid unnecessary proof.**

A. The documents produced by Plaintiff to Unifund in discovery may be admitted in evidence.

4.  **The names and addresses of all witnesses the party intends to call at trial, other than those to be used for impeachment and rebuttal.**

    A.    None.

5.  **Any proposed use of case-specific juror questionnaires.**

    B.    Not applicable.

6.  **A list of the documents and things the party intends to offer as exhibits at trial.**

    A.    Plaintiff's Response to Unifund Request for Documents, dated September 6, 2023.

    B.    190 pages of "contact notes" produced by Plaintiff to Unifund on September 5, 2023.

    C.    213 pages of "communications" produced by Plaintiff to Unifund on September 6, 2023.

Respectfully Submitted

Date: October 19, 2023

/s/ Stanley Greenberg, Esq.
Stanley Greenberg, Esq.
Attorney for
Unifund CCR Partners

GREENBERG & GREENBERG, P.A.
PO Box 435
E. Winthrop, ME  04343
(207) 773-0661
sfgg@maine.rr.com