# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | **CIVIL ACTION NO: 2:23-cv-00200-LEW** |
| Plaintiff | **PLAINTIFF'S FINAL PRETRIAL MEMORANDUM** |
| vs. | RE: <br> 119 Main Street, Sabattus, ME 04280 |
| **Norman J. Estes** | Mortgage: <br> May 23, 2006 |
| Defendant | Book 6774, Page 265 |
| **Dirigo Federal Credit Union fka Rainbow Federal Credit Union** <br> **Midland Funding** <br> **Unifund CCR Partners** | |
| Party-in-Interest | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its undersigned counsel, and hereby provides its Final Pretrial Conference Memorandum, pursuant to Local Rule 16.4.

This Honorable Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. This Court has Diversity where, as here, the Plaintiff, Federal National Mortgage Association, is a Federally-Chartered Corporation with its principal place of business located at 1100 15th Street NW, Washington, DC 20005 and therefore for diversity purposes is, by statute, a resident of the District of Columbia. Defendant, Norman J. Estes, is a resident of Sabattus, County of Androscoggin and State of Maine.

From the Plaintiff's perspective, this is a straightforward *in rem* foreclosure and sale action as affected by the Defendant`s discharge in Bankruptcy. The Plaintiff stipulates that the Defendant

has no personal liability and that Plaintiff's relief is limited to *in rem* relief against the subject property. The Defendants have defaulted and the only entity contesting the foreclosure is Unifund CCR Partners. If there were any defenses to the foreclosure, given that the Defendants received the benefit of their discharge they would be judicially estopped from advancing them. The party-in-interest, if the Court finds that they have standing to advance defenses to foreclosure, is likewise barred.

The evidence at trial will prove that Notice in conformity with 14 M.R.S.A. § 6111 and/or the Note and Mortgage was made upon the Defendant by Certificate of Mailing, return receipt requested which includes all fees, costs and escrows. Where, as here, the borrowers do not occupy the property notice pursuant to this section is not required and any arguments the party-in-interest may have as to the sufficiency of said notice are moot.

The information derived from the Plaintiff's business records is admissible in evidence under Rule 803(6) of the Federal Rules of Evidence (the business records exception to the hearsay rule). Northeast Bank & Trust Co. v. Soley, 481 A.2d 1123 (Me. 1984) and Beneficial Maine Inc., v. Carter, 2011 ME 77 (2011).

The facts proven at trial relating to the execution of the note and mortgage, assignment of the mortgage to Plaintiff, endorsement and transfer of the Note to Plaintiff in accordance with 11 M.R.S.A. §§ 3-1201 and 3-1203, default in payment of this note and the amount due, entitle the Plaintiff to Judgment as a matter of law under 14 M.R.S.A. § 6322.

Pursuant to 14 M.R.S. § 6322 and precedent established by, but not limited to, Chase v. Higgins, 2009 ME 136 (2009); H.S.B.C. Bank, as Trustee v. Gabay, 2011 ME 101 (2011); Deutsche Bank Nat'l Trust Co. v. Raggiani, 2009 ME 120, ¶¶ 5-8, 985 A.2d 1 (2009); Wells Fargo Bank, N.A. v. deBree, 2012 ME 34 (2012); Beneficial Maine Inc., v. Carter, 2011 ME 77 (2011) and Bank of America v. Cloutier, 2013 ME 17 (Me. 2013), the Plaintiff will meet its burden by proving:

- "the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any, *see* P.L. 2009, ch. 402, §§ 9, 17 (effective June 15, 2009) (amending 14 M.R.S. §§ 2401(3), 6321 (2008));

- properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage;

- a breach of condition in the mortgage, Johnson v. McNeil, 2002 ME 99, ¶ 17, 800 A.2d 702, 705; *see* 14 M.R.S. § 6322 (2008);

- the amount due on the mortgage note, including any reasonable attorney fees and court costs, Johnson, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6111(1-A);

- the order of priority and any amounts that may be due to other parties in interest, including any public utility easements, Johnson, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6322;

- evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements, in accordance with 14 M.R.S. 6111; *see* 14 M.R.S. § 6111; and

- the Defendant is not in military service in accordance with the Servicemembers Civil Relief Act, *see* 50 U.S.C.S. App. § 521 (LexisNexis Supp. 2009); M.R. Civ. P. 55(b)(4). Chase v. Higgins 2009 ME 136 (2009).

A promissory note, secured by a mortgage, is a negotiable instrument, and therefore it is governed by the provisions of the Uniform Commercial Code, as codified in 11 M.R.S. § 3-1101, *et seq.* A person or entity may be a person or entity "entitled to enforce the instrument even though the person is not the owner of the instrument." 11 M.R.S. § 3-1301(3). A holder of the note, as defined as a person or entity entitled to enforce an instrument pursuant to 11 M.R.S. § 3-1301, has

standing to initiate, pursue and prevail in a foreclosure action. *See* Bank of America v. Cloutier, 2013 ME 17 (Me. 2013).

The Note is a self-authenticating document pursuant to Fed. R. Evid. 902(9). Rule 902(9) specifically provides that "no extrinsic evidence of authenticity in order to be admitted […...] Commercial paper, a signature on it, and related documents to the extent provided by general commercial law." Fed. R. Evid. 902(9). The term "commercial paper" is defined as "an instrument, other than cash, for the payment of money. Commercial paper – typically existing in the form of a draft (such as a check) or a note (such as a certificate of deposit) – is governed by Article 3 of the [Uniform Commercial Code]". Black's Law Dictionary, 9th ed., 2009 (defining *Paper, commercial paper*). There is no question that Article 3 of the Uniform Commercial Code ("UCC"), as codified in Maine statute, is applicable to the transaction at issue here. *See* 11 M.R.S. § 3-1101, *et seq.*; Bank of America, N.A. v. Cloutier, 2013 ME 17 (Me. 2013). As a negotiable instrument, governed by Article 3 of the UCC, the Note qualifies as commercial paper.

In addition, the Mortgage and Assignments of Mortgage herein are self-authenticating documents. Fed. R. Evid. 902(4). Fed. R. Evid. 902(4) provides that "they require no extrinsic evidence of authenticity in order to be admitted...a copy of an official record – or a copy of a document that was recorded or filed in a public office as authorized by law..." Fed. R. Evid. 902(4). As certified copies of public records, the Mortgage and Assignments are self-authenticating documents. *See also* Fed. R. Evid. 1005 (noting that the contents of a public record are proved by a certified copy).

Furthermore, the Mortgage and Assignments of Mortgage are admissible pursuant to Federal Rules of Evidence 803(14) as documents affecting an interest in property. As such, the foundational requirements of Rule 803(6) are not required, and Plaintiff's exhibits are admissible on this ground also.

Therefore, Plaintiff is entitled to a Judgment of Foreclosure and Sale of the subject property.

The Plaintiff plans on calling the following witnesses at trial:

**WITNESSES:**

1. Norman J. Estes
2. Representative of Nationstar Mortgage LLC, servicer for the holder and note for Federal National Mortgage Association

**EXHIBITS:**

1. Promissory Note in the amount of 91,000.00, executed by Norman J. Estes on May 23, 2023, for the benefit of HSBC Mortgage Corporation (USA).
2. Mortgage Deed securing the residence located at 119 Main Street, Sabattus, ME 04280, executed by Norman J. Estes on May 23, 2006, for the benefit of Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation (USA), recorded in the Androscoggin County Registry of Deeds in **Book 6774, Page 265**.
3. Assignment of Mortgage to HSBC Bank USA, N.A. by virtue of an Assignment of Mortgage dated January 19, 2012, and recorded in **Book 8324, Page 85**.
4. Assignment of Mortgage to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated November 16, 2016, and recorded in **Book 9509, Page 310**.
5. Assignment of Mortgage to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated May 17, 2018, and recorded in **Book 9847, Page 218**.
6. Loan Modification Agreement, dated on or about March 13, 2014 which adjusted the principal amount of the Note to $84,664.42;
7. Loan Modification Agreement, dated on or about May 13, 2017, which adjusted the

principal amount of the Note to $93,068.83;

8. Loan Modification Agreement, dated on or about August 20, 2020, which adjusted the principal amount of the Note to $94,937.05;

9. Notice of Mortgagor's Right to Cure to Norman J. Estes dated February 25, 2023.

10. Loan History of subject mortgage.

11. Military Status Report pursuant to the Servicemembers Civil Relief Act demonstrating that Defendant is not in the military.

**ESTIMATE OF TIME OF TRIAL**

1-2 Hours

**STIPULATIONS**

Upon proper notice, Plaintiff expects to stipulate to most, if not all documents.

Respectfully Submitted,

Dated: October 19, 2023

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

# CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on October 19, 2023, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Norman J. Estes
119 Main Street
Sabattus, ME 04280

Norman J. Estes
33 Genthner Way
Topsham, ME 04086

Midland Funding LLC
c/o Corporation Service Company
45 Memorial Circle
Augusta, ME 04330

Unifund CCR Partners
c/o Stanley Greenberg, Esq.
GREENBERG & GREENBERG
97A Exchange Street Ste 404
Portland, ME 04101

Dirigo Federal Credit Union f/k/a Rainbow Federal Credit Union
381 Main St
Lewiston, ME 04240